IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHERYL BOYER, on behalf of herself and all others similarly situated,<br><br>    Plaintiff,<br><br>vs.<br><br>BRECKENRIDGE PHARMACEUTICAL, INC.,<br><br>    Defendant. | CIVIL ACTION NO. 2:24-cv-06514 |

## [Proposed] ORDER AND JUDGMENT GRANTING FINAL APPROVAL OF SETTLEMENT CLASS AND ORDER GRANTING PETITION FOR ATTORNEYS' FEES AND COSTS AND CLASS REPRESENTATIVE INCENTIVE AWARD

This matter is before the Court on Plaintiff's Unopposed Motion for Final Approval of Settlement Class, [Dkt. 39], and Plaintiff's Petition for Attorneys' Fees and Costs and Class Representative Incentive Award, [Dkt. 38]. The Court has carefully considered the terms of the Settlement Agreement, [Dkt. 52-2], the declaration of the Settlement Administrator tasked with administering the Court-approved Notice Plan, [Dkt. 39-2], the declarations submitted by Class Counsel, [Dkts. 30-2 and 38-2], and all other evidence, pleadings, and orders in this case. On September 23, 2025, the Court conducted a Final Approval Hearing and heard presentations from counsel. There were no objections.

*[handwritten: on September 23, 2025]* ~JSC~

For the reasons explained on the record and further addressed below, the Court GRANTS Plaintiff's motion for final approval, enters judgment, and orders the Parties and the Settlement Administrator to move forward with the claims process set out in the Settlement Agreement. The Court also GRANTS Plaintiff's petition for fees, costs, and a class representative incentive award. The Court sets out its additional findings of fact and rulings with respect to each motion below.

### Final Approval of the Proposed Class Action Settlement

1. The Settlement Agreement dated March 18, 2025, including its exhibits and definitions of words and terms, is incorporated by reference in this Order. [Dkt. 30-2 at Ex. 1].

2. The Court has jurisdiction over the subject matter of this litigation, the Parties, and all Settlement Class Members.

3. The Court confirms the settlement class definition set out in its May 22, 2025, Order Certifying Settlement Class and Preliminarily Approving Settlement Agreement, [Dkt. 37], as follows:

    > All natural persons in the United States who purchased Breckenridge duloxetine, for personal or household use, from August 4, 2020, until preliminary court approval of the class [*i.e.*, May 22, 2025].

4. Specifically excluded from the Settlement Class are Breckenridge, Breckenridge's officers, directors, agents, trustees, parents, children, corporations, trusts, representatives, employees, principals, servants, partners,

joint ventures, or entities controlled by Breckenridge, and any of its heirs, successors, assigns, or other persons or entities related to or affiliated with Breckenridge and/or Breckenridge's officers and/or directors, the judges assigned to this action, and any member of the judges' immediate family.

5. The Court confirms certification of this Settlement Class and finds that, for purposes of settlement, all the relevant requirements of Federal Rule of Civil Procedure 23 are satisfied, as set out in the briefing and further discussed below.

6. The Court confirms the named plaintiff Sheryl Boyer as Class Representative of the Settlement Class. The Court further finds that she adequately represented their class and that her claims are typical of those of the class.

7. The Court confirms The Block Firm, LLC and the Shah Law Groups as Class Counsel and finds that Class Counsel adequately represented the class.

8. The Court confirms Verita Global ("Verita") as Claims Administrator.

9. The Court finds that Class Notice was disseminated to members of the Settlement Class by Verita in accordance with the terms set forth in the Settlement Agreement and in compliance with this Court's Preliminary Approval Order, as set out in the Declaration of Annette Kashkarian (a Director with Verita) Regarding Notice Procedures, [Dkt. 39-2].

10. The Court finds that the foregoing notice constitutes the best notice practicable under the circumstances pursuant to Federal Rule of Civil Procedure 23 and complies with due process. The Court further finds that the notice provided by Verita to the appropriate state and federal officials pursuant to 28 U.S.C. § 1715 satisfied the requirements of that statute.

11. Counsel for the parties and Verita report that they have received no objections to or opt-outs from the proposed Settlement that complied with the procedures in this Court's preliminary approval order, and the Court has likewise received no objections to or opt-outs from the proposed Settlement.

12. The Court finds that the proposed Settlement is fair, adequate, and reasonable and satisfies the pertinent requirements of Federal Rule of Civil Procedure 23(a) and 23(b)(3) and that the settlement and notification process complies with Rule 23(e). The Settlement Agreement was negotiated at arms' length. Further, the relief provided to the class is adequate taking into account the costs, risks, and delay of trial and appeal, the method of distributing relief to the class, and the terms of the award of proposed attorneys' fees. The Settlement Agreement provides the right to cash compensation to all members of the Settlement Class and treats members equitably relative to each other, and Breckenridge has agreed to the entry of an injunction regarding its future conduct, as set out further below. With respect to fees, the Settlement

Agreement does not include any clear sailing provision but instead has limitations on the method and amount of Class Counsel's fees request and the Class Representative incentive award. As addressed further below, Class Counsel's petition for attorneys' fees, which complies with the limitations in the Settlement Agreement, is reasonable and supports final approval. Counsel have represented that there are no additional agreements required to be identified under Rule 23(e)(3) for the Court to consider.

13. In addition to reviewing the parties' submissions, the Court conducted a Fairness Hearing on September 23, 2025, at which the Court heard from the parties and provided an opportunity for Class Members to address the Court if they wished to do so. No Class Members made objections before the hearing or appeared at the hearing to object.

14. Based on the foregoing and the other arguments advanced by the parties, the Court finds that the Settlement is fair, adequate, and reasonable based on all the factors set out in Fed. R. Civ. P. 23(e)(2), and it should be approved.

15. Accordingly, the Court hereby ORDERS as follows:

   a. The Settlement is APPROVED. Settlement Administrator Verita may commence administration of the claims process as set out in the Settlement Agreement.

b. The Class claims are DISMISSED with prejudice and the Court hereby enters a final judgment with respect to those claims, except as may be necessary to effectuate the Settlement Agreement.

c. Each and every Class Member, and any person actually or purportedly acting on behalf of any Class Member, are hereby permanently barred and enjoined from commencing, instituting, continuing, or pursing, any Released Claims. This permanent bar and injunction is necessary to protect and effectuate the Settlement Agreement and this Order.

16.    In addition to the other relief granted herein, the Court hereby ENJOINS Breckenridge as follows:

a. Breckenridge shall implement a program (the "Future Refund Program") to refund all consumers for any out-of-pocket costs paid for Breckenridge duloxetine, for personal or household use, that (i) is subject to a Product Recall initiated after May 22, 2025; and (ii) the consumer was unable to use, and did not use, due to such Product Recall.

b. To be eligible for a refund under the Future Refund Program, a consumer must return to Breckenridge the Breckenridge duloxetine that he or she was unable to use due to a Product Recall.

    c. A Class Member's receipt of payment under the Settlement Refund Program shall have no effect on the Class Member's ability to participate in, or the amount he or she may recover from, the Future Refund Program.

    d. Except for the explicit requirements for the Future Refund Program as stated in this Order, the design and administration of the Future Refund Program is within Breckenridge's sole discretion.

    e. The design and administration of the Future Refund Program shall be solely at Breckenridge's own expense.

    f. The Future Refund Program shall commence and become available to consumers at the later of (i) the first Product Recall initiated after May 22, 2025, or (ii) within five (5) days after this Order becomes Final.

    g. Once commenced, the Future Refund Program shall remain available to consumers until at least January 1, 2028, on or after which Breckenridge may terminate the Future Refund Program at its sole discretion without further order of the Court.

**Class Counsel's Petition for Attorneys' Fees and Costs and Class Representative Incentive Award**

17.    The Court next turns to Class Counsel's Petition for Attorneys' Fees and Costs and Class Representative Incentive Award ("Petition").

7

18. As set out in the Petition and supporting materials, the Settlement Agreement limited Class Counsel's attorneys' fees request to the lodestar method without a multiplier, as well as a cap of $150,000, absent circumstances that did not arise. Class Counsel's lodestar fee without a multiplier exceeded the $150,000 cap in the Settlement Agreement, and Class Counsel asks that the Court award $150,000 in attorneys' fees and costs. Further, the Petition asks that the Court award the Class Representative a $1,500 incentive award, again subject to a cap in the Settlement Agreement.

19. The Petition is unopposed. Although Breckenridge expressly reserved the right to challenge the Petition in the Settlement Agreement, the company ultimately chose not to oppose it. Further, the Petition was filed before the opt-out and objection deadline, and no member of the Settlement Class objected to any aspect of the Petition.

20. The Court finds that there are no "red flag" provisions in the Settlement Agreement or any side agreements that should subject the unopposed Petition to heightened scrutiny. Regardless, the request for fees, costs, and an incentive award in this case would survive any such scrutiny.

21. With respect to the lodestar calculation, the Court finds that both the hours worked and rates charged as set out in the Petition's supporting materials are reasonable, and the requested amount of $150,000 is reasonable

in light of the work done and results achieved in this case. Due to the cap in the Settlement Agreement, the requested fees are actually less than the full lodestar amount.

22. The Court also finds that it is reasonable and appropriate to award the sole Class Representative in the case a $1,500 incentive award. Class Counsel represents that the Class Representative participated in the preparation and filing of this case, assisted Class Counsel in understanding and evaluating the profile of this matter from the patient perspective, subjected her medical and pharmacy records to review, and has ably served the role of Class Representative.

23. As explained above and at the hearing, the Court finds that Class Counsel's request is reasonable and appropriate, applying Third Circuit authority to the evidence in this case, and the Court orders Breckenridge to make the payments of $150,000 in attorneys' fees and a $1,500 Class Representative incentive award as set out in the Settlement Agreement.

## Conclusion

24. For the foregoing reasons, Plaintiff's Unopposed Motion for Final Approval of Settlement Class and Petition for Attorney's Fees and Costs and Class Representative Incentive Award are GRANTED and the Court enters final judgment with respect to Plaintiff's claims.

25. The Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation, and enforcement of the Settlement and this Order.

SO ORDERED, this 23rd day of September, 2025.

_____
Hon. James B. Clark III
U.S. Magistrate Judge